IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2008

**STATE OF TENNESSEE v. ANDRE DAVIS**

**Appeal from the Criminal Court for Shelby County**
**No. 06-07425     James C. Beasley, Jr., Judge**

_____

**No. W2007-01442-CCA-R3-CD  - Filed November 5, 2008**

_____

The defendant, Andre Davis, was convicted by a Shelby County jury of voluntary manslaughter, a Class C felony. The trial court sentenced the defendant to fourteen and one-half years as a Range III, persistent offender. In this appeal as of right, the defendant argues that the evidence is insufficient to support his conviction for voluntary manslaughter, that the trial court erred in admitting a non-testifying witness's statement from a police report to impeach the defendant's testimony, that the trial court erred in excluding evidence of the victim's prior acts of violence and gang affiliation, that the sentence imposed by the trial court is excessive, and that these cumulative errors deprived the defendant of his right to a fair trial and due process. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ALAN E. GLENN, J, joined.

Phyllis Aluko (on appeal); Rusty White and William Yonklowski (at trial), Assistant District Public Defenders, attorneys for appellant, Andre Davis.

Robert E. Cooper, Jr., Attorney General & Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; James Wax and Michelle Parks, Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

**OPINION**

The evidence presented at trial shows that on May 31, 2005, the defendant shot the victim, Charlie Gipson, after a confrontation in the victim's yard. The defendant testified that his friend, Antwon Thompson, telephoned him on the evening of May 30 and told the defendant that the victim had attacked Thompson with a knife during a home invasion and robbery. The defendant advised Thompson to telephone the police to report the incident. Thompson reportedly told the defendant that the police arrived to take a report but showed little interest in investigating the case.

The next morning, the victim made threatening gestures toward the defendant from the victim's front yard. The defendant, Thompson and another friend, Christopher Bridges, approached the victim. The defendant walked to the home armed with a big stick and a pistol. Witnesses testified that the victim felt threatened and ran to the backyard of the residence. The defendant pursued the victim from an adjoining yard. The defendant testified that the victim approached him with what he thought to be a gun, so he fired his pistol while retreating. Other witnesses recalled hearing two shots fired. Forensic evidence showed that a bullet ricocheted from a tree and struck the victim. Memphis Police Officer Bobby Jones found the victim in the yard bleeding from the chest. The victim identified the defendant as his shooter before bleeding to death at the scene. The defendant testified that he only fired his gun because he wanted to scare the victim. He also stated that he was sorry for what had happened and did not intend to kill the victim.

Based upon this evidence, the jury convicted the defendant of voluntary manslaughter as a lesser included offense of the indicted offense, first degree murder. The trial court sentenced the defendant to fourteen and one-half years as a Range III, persistent offender based upon its findings that the defendant had a previous history of criminal convictions beyond that necessary to establish his sentencing range, the defendant employed a firearm during the commission of the offense and the defendant had no hesitation about committing a crime in which the risk to human life was high. Tenn. Code. Ann. § 40-35-114(2), (10) & (11) (2003).

ANALYSIS

Initial to our review, we must address the effect of the timeliness of the defendant's motion for new trial. The trial court entered judgment in this case on April 3, 2007. As noted by the state, the record reflects that the defendant's motion for new trial was filed one day late on May 4, 2007. In his reply brief, the defendant acknowledges both the untimely filed motion for new trial and the subsequent untimely filed notice of appeal. He now asks this court to waive the timely filing of the notice of appeal in an effort to address each issue alleged on appeal.

The thirty-day filing deadline of a motion for new trial is mandatory, jurisdictional, and may not be extended. Tenn. R. Crim. P. 45(b); State v. Martin, 940 S.W.2d 567, 569 (Tenn. Crim. App. 1997). Consequently, "[a] motion for new trial which is not timely filed is a nullity." State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). Subsequent review or considerations by the trial court or agreements of parties to hear a late-filed motion will not validate the motion for the purposes of appellate review. Id.; State v. Davis, 748 S.W.2d 206 (Tenn. Crim. App. 1987). Failure to file a timely motion for new trial will result in the waiver of all appellate issues that would result in the granting of a new trial. Dodson, 780 S.W.2d at 780; State v. Williams, 675 S.W.2d 499 (Tenn. Crim. App. 1984). However, while this court cannot review those grounds upon which a new trial was sought, we may review those issues which would result in dismissal. Tenn. R. App. P. 3(e); Williams, 675 S.W.2d at 501; see also State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Therefore, we conclude that the defendant's issues regarding the admission of evidence have been waived and that only the issues related to the sufficiency of the evidence and the propriety of the trial court's sentencing may be reviewed. Also, contrary to the defendant's argument in his reply brief, evidentiary issues waived by the failure to file a timely motion for new trial cannot be

reviewed pursuant to this court's waiver of a timely filed notice of appeal. Such issues would not result in the dismissal of the case and are therefore waived.

Additionally, we advise that Rule 4(a) of the Tennessee Rules of Appellate Procedure requires the filing of a notice of appeal within thirty days of the entry of judgment or, pursuant to Rule 4(e), the entry of an order denying motion for new trial. Because the defendant's motion for new trial was a nullity, it did not toll the thirty-day period for filing the notice of appeal. Therefore, the notice of appeal in this case was also untimely. See, e.g., State v. Patterson, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997); Davis, 748 S.W.2d at 207. The timely filing of a notice of appeal is not a prerequisite to the jurisdiction of this court, and this court may waive the requirement in the interest of justice. Tenn. R. App. P. 4(a). In this case, we conclude that the interest of justice requires that we waive the timely filing of the notice of appeal in order to review the sufficiency of the evidence and the propriety of the trial court's imposition of sentence.

*Sufficiency of the Evidence*

The defendant contends that the evidence is insufficient to support his conviction for voluntary manslaughter. The crux of his claim on appeal is that the jury should have found that he did not commit a knowing and intentional act but instead acted in self-defense. The defendant also asks this court to "weigh and evaluate the evidence" to determine "whether sufficient evidence was introduced to authorize the jury to reject [his] claim of self-defense." The state contends that the evidence supports the jury's verdict.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (emphasis in original). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

A conviction for voluntary manslaughter requires proof beyond a reasonable doubt that the defendant intentionally or knowingly killed the victim "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). The evidence presented shows that the defendant involved himself in a confrontation with the victim, whom the defendant believed had previously assaulted a friend and who had generally been a threatening individual in the community. He approached the victim armed with not only a stick but also a pistol for the purpose of, according to the defendant, having a discussion. In spite of his avowed fear of the victim, the defendant followed the retreating victim to the victim's backyard where he ultimately fired his pistol toward the victim. Although the defendant claimed he felt threatened by the victim and thought that the victim had a weapon, the evidence revealed that the victim was unarmed at the time of the incident. Despite the defendant's argument to the contrary on appeal, it was within the jury's province to reject his theory of self-defense. We conclude that the evidence is sufficient to support his conviction for voluntary manslaughter.

*Sentencing*

The defendant also contends that the trial court erred in its application of enhancement factors. He does not dispute his status as a Range III, persistent offender but contends that the trial court should not have imposed a sentence of fourteen and one-half years, nearly the maximum allowed for his range classification. The defendant was convicted of voluntary manslaughter, a Class C felony, with a possible sentence of ten to fifteen years as a Range III, persistent offender. In arriving at the length of sentence, the trial court imposed the following enhancement factors found in Tennessee Code Annotated section 40-35-114 (2003):

> (2) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

> (10) The defendant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense; and

> (11) The defendant had no hesitation about committing a crime in which the risk to human life was high.

Tenn. Code Ann. § 40-35-114(2), (10), (11) (2003). In determining the length of sentence, the trial court stated that it gave a great deal of weight to the defendant's history of criminal convictions and the use of a gun in the commission of the offense. He found factor (11) applicable based upon evidence that the defendant fired the gun into the backyard with little regard for other persons present in the area. The defendant takes issue with the application of factor (11) because, he argues, there

-4-

was no evidence of other persons present in the backyard when the defendant fired the pistol. Additionally, the defendant argues that the application of factor (11) violates Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2431 (2004). The state argues that the trial court placed little weight upon factor (11) and that the weight of (2) and (10) supports the length of the sentence.

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, this court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

As noted by the defendant, this offense was committed prior to the 2005 revisions to the sentencing act. A review of the record reveals that the defendant did not waive ex post facto application of the revisions and that the defendant was sentenced under the former version of the sentencing act. See 2005 Tenn. Pub. Act ch. 353, § 18. Therefore, the Sixth Amendment prohibition against the use of judicially determined facts, other than a prior conviction, to increase the length of sentence as announced by the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny, is implicated in this case and must be addressed.

Under the law as it existed before the 2005 amendments, unless enhancement factors were present, the presumptive sentence to be imposed was the minimum in the range for a Class C felony. Tenn. Code Ann. § 40-35-210(c) (2003). Tennessee's pre-2005 sentencing act provided that, procedurally, the trial court was to increase the sentence within the range based on the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. Id. at (d), (e). However, the Tennessee Supreme Court recently held that the trial court's enhancement of a defendant's sentence based on factors that had not been found by a jury beyond a reasonable doubt violated a defendant's Sixth Amendment right to a jury trial as interpreted by the Supreme Court. State v. Gomez, 239 S.W.3d 733, 740 (Tenn. 2007) ("Gomez II") (citing Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 860 (2007)); see also Blakely, 542 U.S. at 301, 124 S. Ct. at 2536 ("'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" (quoting Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63)).[1] Accordingly, we conclude that the trial court's application of enhancement factor (11) to the defendant's sentence was improper.

---

[1] The sentencing hearing occurred on April 3, 2007. Thus, the trial court followed State v. Gomez, 163 S.W.3d 632 (Tenn. 2005) (Gomez I) which held that our sentencing scheme did not violate the Sixth Amendment. Gomez II was released on October 9, 2007.

Regarding the application of enhancement factor (10), we note that the Supreme Court has held that the defendant's Sixth Amendment right to a jury trial is not offended when the defendant's sentence is enhanced based on facts admitted by the defendant. See Blakely, 542 U.S. at 303, 124 S. Ct. at 2537 ("Our precedents make clear . . . that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.") (citation omitted; emphasis in original); Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 860 (2007). At trial, the defendant admitted to employing a firearm during the commission of the offense. Thus, while the trial court's application of enhancement factor (10) would normally violate the Sixth Amendment, the defendant's admitting to the facts upon which this enhancement factor was based rendered the trial court's application of the enhancement factor constitutionally permissible.

In applying the enhancement factor of previous criminal history, the trial court noted that the defendant had been convicted previously of reckless driving, three counts of driving as a habitual motor vehicle offender, four counts of possession of cocaine with the intent to sell, felon in possession of a firearm, possession of marijuana with the intent to sell, seven counts of driving with a suspended license, simple assault, five counts of simple possession of a controlled substance, possession of more than .5 grams cocaine with intent to sell, two counts of possession of a deadly weapon, receiving stolen property and petit larceny. The court stated that it "put a great deal of weight and a great deal of emphasis on [the defendant's] prior convictions." Our review of the presentence report reveals a substantial history of criminal convictions spanning twenty years and culminating with the conviction in this case. Therefore, we conclude that the application of enhancement factors (2) and (10) support the imposition of the fourteen and one-half year sentence of incarceration and renders the Blakely error presented by the application of enhancement factor (11) harmless beyond a reasonable doubt.

CONCLUSION

Because the defendant failed to file a timely motion for new trial, the evidentiary issues raised on appeal have been waived. However, having concluded that the requirement of a timely filed notice of appeal should be waived in the interest of justice, we have reviewed the issues of sufficiency of the evidence and the propriety of the sentencing. Following our review, we conclude that the evidence is sufficient to support the conviction for voluntary manslaughter but that the trial court erroneously applied one enhancement factor to the defendant's sentence. However, we further conclude that the erroneous application of this enhancement factor was rendered harmless by the strength of the remaining enhancement factors regarding the defendant's previous history of criminal convictions and his admitted use of a firearm during the commission of the offense. Therefore, we affirm the judgment of the trial court.

_____
D. KELLY THOMAS, JR., JUDGE