**STATE of Tennessee, Appellee,**

v.

**Antonio WILLIAMS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 7, 1984.

Permission to Appeal Denied by Supreme Court Aug. 27, 1984.

Edward Witt Chandler, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., John W. Overton, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Antonio Williams, was convicted of larceny from the person and was sentenced to the Department of Correction for seven (7) years. After the trial court's judgment on his conviction, the defendant filed a petition for post-conviction relief, which was dismissed by the trial court without an evidentiary hearing. This appeal concerns both the judgment regarding his conviction as well as the judgment dismissing his post-conviction relief petition. The trial court's judgments are affirmed, and to explain our rulings, it is necessary to recite some of the developments that occurred below.

On June 17, 1983, the defendant was convicted of larceny from the person. The trial court scheduled a date of July 7, 1983, for the motion for a new trial and sentencing hearings. On that date, the defendant failed to appear, his bond was forfeited, and a capias was issued for his arrest.

Thereafter, on July 30, 1983, the defendant was arrested and placed in custody.

Subsequently, on August 22, 1983, the defendant filed a motion for a new trial. On September 8, 1983, the trial court dismissed the motion for a new trial on the ground that it was untimely filed. On the same date, the trial court sentenced the defendant as a persistent offender to a Range II sentence of seven (7) years. The trial court determined the defendant to be indigent, appointed counsel for purposes of appeal, and granted the defendant a transcript of the sentencing hearing at the expense of the State but denied a free transcript covering "the other issues." On September 22, 1983, the defendant filed a notice of appeal from the September 8 judgment.

On October 13, 1983, the defendant filed a petition for post-conviction relief, alleging that his counsel was negligent in failing to timely file the motion for a new trial and requesting that his motion for a new trial be heard and that he be granted a delayed appeal. On November 4, 1983, the trial court entered a judgment dismissing the petition, without an evidentiary hearing. On November 22, 1983, the defendant filed a notice of appeal from the November 4 judgment.

In this appeal, the defendant raises three (3) issues, namely (1) whether the trial court erred in dismissing the defendant's motion for a new trial, (2) whether the trial court erred in sentencing the defendant as a persistent offender, and (3) whether the trial court erred in dismissing the petition for post-conviction relief. We find no merit to any of these issues.

First, the trial court correctly dismissed the defendant's motion for a new trial and properly refused him a complete trial transcript.

■ As noted above, the jury returned its verdict against the defendant on June 17, 1983. He had thirty (30) days thereaft-

er in which to file his motion for a new trial. T.C.A. § 40–35–401 (Supp.1983); Tenn.R.Crim.P. 33(b). However, his motion for a new trial was not filed until August 22, 1983, some sixty-six (66) days after the verdict. Thus, the defendant's failure to timely file his motion for a new trial resulted in him losing his right to have the trial court consider and rule on the issue raised therein. *State v. Givhan*, 616 S.W.2d 612 (Tenn.Cr.App.1980). Accordingly, the trial court did not err in dismissing the defendant's motion for a new trial.

■ The defendant's notice of appeal filed on September 22, 1983, from the trial court's September 8 judgment vests our Court with jurisdiction of the defendant's appeal, but since his motion for a new trial was a nullity, the only issues that could be reviewable would be those that were not required to be listed in a motion for a new trial. T.R.A.P. 3(e); *State v. Givhan, supra; State v. Durham*, 614 S.W.2d 815 (Tenn.Cr.App.1981). Issues that fall into this catagory are those that go to questions that could bring about an outright dismissal of a defendant's conviction. T.R.A.P. 3(e); *State v. Durham, supra*, n. 1.

In the defendant's brief, the only issues raised and argued as to the merits concern the defendant's sentence, and an alleged Tenn.R.Crim.P. 16(e) discovery violation by the State in its alleged failure to provide the defendant with a copy of the victim's statement when this statement was demanded at the conclusion of the victim's direct testimony.[1]

■ By separate statutory authority, the defendant's sentencing issue is reviewable on appeal, even if the question is not raised in a motion for a new trial. T.C.A. § 40–35–401 (Supp.1983). The same thing, however, may not be said about the defendant's discovery issue because that issue is one that must be raised in a timely filed motion for a new trial for the reason that this issue relates to the question of wheth-

---

1. We note that the discovery issue was also the only issue listed in the defendant's untimely filed motion for a new trial.

er a new trial should be granted. T.R.A.P. 3(e); *State v. Durham, supra.*

Therefore, we hold that since the defendant's discovery issue was not listed in a valid motion for a new trial, then that issue is not subject to review by us on appeal.

■ In view of what we have said above, a transcript of the actual trial proceedings would serve no purpose; therefore, we find the trial court did not err in limiting the defendant's free transcript to that of the sentencing hearing.

As previously indicated, the defendant's sentencing issue is properly before us for review. The trial court sentenced the defendant, pursuant to the Criminal Sentencing Reform Act of 1982, as a persistent offender to a Range II sentence of seven (7) years. T.C.A. §§ 40-35-106, -109 (Supp.1983).

The record shows that the defendant had the requisite number of prior felony convictions to make him eligible for sentencing as a persistent offender. T.C.A. § 40-35-106 (Supp.1983). The defendant contends that since all of his prior felony convictions predated the effective date (July 1, 1982) of the Reform Act, the use of those convictions for enhancement purposes amounted to the application of an ex post facto law and denied him his constitutional due process and equal protection rights.

■ T.C.A. § 40-35-106(3) (Supp.1983) expressly provides that convictions occurring prior to July 1, 1982, shall be included in determining whether a defendant is a persistent offender. Further, the increased punishment for a persistent offender, like that of an habitual criminal, is not punishment for the former crimes, but is enhanced punishment for the current crime, which is considered to be more serious because of repeated criminal conduct. In several cases dealing with our habitual criminal statutes, our courts have held that such enhanced punishment laws are not ex post facto. *State ex rel. Ves v. Bomar,* 213 Tenn. 487, 376 S.W.2d 446 (1964); *Frazier v. State,* 480 S.W.2d 553 (Tenn.Cr.App. 1972). Also, laws of this nature do not violate an accused's due process or equal protection rights. *Glasscock v. State,* 570 S.W.2d 354 (Tenn.Cr.App.1978).

We find nothing unconstitutional in the manner in which the Reform Act was applied in the present case. The defendant was correctly sentenced as a persistent offender.

■ In his final issue, the defendant argues that the trial court erred in dismissing his post-conviction relief petition.

In his petition, the defendant sought a delayed appeal on the ground that he was denied the effective assistance of counsel by said counsel's failure to timely file the motion for a new trial.

As indicated earlier in this opinion, the defendant fled the jurisdiction of the court after the verdict, and thus was a fugitive during the time in which a motion for a new trial could have been timely filed. In a similar situation in *Brown v. State,* 537 S.W.2d 719 (Tenn.Cr.App.1975) our Court, among other things, held that a defendant who flees the jurisdiction after conviction waives his right to a new trial motion. Thus by his own misconduct in fleeing, the defendant and not his counsel must be held responsible for the problem created over his new trial motion. His counsel was under no duty to file the motion for a new trial as long as the defendant was a fugitive. No ineffective representation of the defendant by his counsel is present in this case, and the trial court properly denied the defendant a delayed appeal and correctly dismissed his petition for post-conviction relief.

The judgments of the trial court are affirmed.

WALKER, P.J., and BYERS, J., concur.