**STATE of Tennessee, Appellee,**

**v.**

**Billy R. BLUNKALL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 23, 1987.

Permission to Appeal Denied by Supreme Court April 6, 1987.

73

Charles R. Ray, Barrett, Bryan, Ray & Ross, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Victor Johnson, III, Asst. Dist. Atty., Nashville, for appellee.

## OPINION

LLOYD TATUM, Special Judge.

The defendant, Billy R. Blunkall, was convicted of armed robbery and sentenced to a term of 40 years in the Department of Correction as a persistent and especially aggravated offender, Range II. The defendant has presented seven issues for review but they cannot be considered because the defendant did not timely file his motion for a new trial. The judgment below is affirmed.

The jury returned a verdict on March 28, 1985, finding the defendant guilty of armed robbery. Judgment was entered and the defendant was sentenced on May 16, 1985. On May 29, 1985, the defendant filed a motion "for an Order directing that his counsel of record be given an extended period to file a Motion for a New Trial in this cause of thirty (30) days from the preparation and filing of the transcript." By order entered June 7, 1985, the trial court undertook to "extend time period for filing motion for new trial until transcript is prepared." The defendant's motion for a new trial was filed December 2, 1985 (approximately six and one-half months after entry of the order of sentence). On December 11, 1985, the State filed a motion to dismiss the defendant's motion for a new trial on the ground that it was untimely filed. On January 30, 1986, the trial court overruled the State's motion to dismiss the motion for a new trial and also overruled the motion for a new trial.

T.C.A. § 40–35–401 provides: "Notwithstanding any rule of court to the contrary, the motion for new trial shall be filed within thirty (30) days of the date the order of sentence is entered."

Rule 33(b), T.R.Cr.P. provides that a motion for a new trial must be filed "within thirty (30) days of the date the order of sentence is entered." Rule 45(d), T.R.Cr.P. prohibits the courts from extending the time provided in Rule 33 for the filing of a motion for a new trial. Thus, the defendant filed his motion for a new trial approximately five and one-half months too late.

The motion for a new trial was a nullity. *State v. Williams*, 675 S.W.2d 499 (Tenn. Crim.App.1984); *State v. Lane*, 689 S.W.2d 202 (Tenn.Crim.App.1984).

■ The defendant says that he "agrees with the State that had not the appellant filed *some document* within thirty days after the sentence, then the trial court would have no right to consider the issues raised by the appellant." The defendant argues that by overruling the State's motion to dismiss the motion for a new trial, the trial court found as a fact that his motion for an extension of time in which to file a motion for a new trial was actually a motion for a new trial. We disagree, in the order overruling the State's motion to dismiss the motion for a new trial, there was no finding of fact. The order does not say why the State's motion was dismissed. Also, even had the trial court declared the defendant's motion for an extension of time to be a motion for a new trial, as insisted by the defendant, such declaration would have been a nullity. The motion for an extension of time shows on its face that it is not a motion for a new trial. No grounds of error are assigned in the motion for an extension of time nor is any relief prayed from the judgment of conviction. T.R.A.P. 3(e), provides in part:

"... Provided, however, that in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was *specifically stated* in a motion for a new trial; otherwise such issues will be treated as waived." (Emphasis Supplied)

■ Before a ground in a motion for a new trial can be relied upon, the ground must be specified with reasonable certainty. *State v. King*, 622 S.W.2d 77 (Tenn. Crim.App.1981). As above stated, no ground for a new trial or other relief from the judgment of conviction is mentioned in the motion for an extension of time. It is not sufficient that the defendant file "some document," as he insists; he must file a motion for a new trial specifying grounds for relief.

■ Since the motion for a new trial and the subsequent amendments thereto are a nullity, the only issues that could be reviewable would be those that were not required to be listed in a motion for a new trial. *State v. Williams, supra.* As conceded by the defendant, he has presented no issues that are not required to be listed in a motion for a new trial. All of his issues are waived for failure to file a timely motion for a new trial.

■ The time fixed by law for the filing of a motion for a new trial has a valid purpose. If the rule were not a rigid one, appeals could be delayed, as here, for many months or for years. Justice requires that appeals in criminal cases not be unduly delayed. Guilty defendants on appeal bonds should be taken off the streets and innocent defendants not on bond should be released.

For the reasons stated, the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.

CORNELIUS, Judge, concurring.

I concur in the lead opinion.

However, I wish to clearly express my opinion that once a motion for a new trial is timely filed specifying possible errors reasonably thought to exist by the party, it is within the sound discretion of the trial court to continue the hearing of the motion as justice requires.

I believe that Rule 33(b) Tennessee Rules of Criminal Procedure is directory as authorizing amendments liberally until the day of hearing the motion for a new trial. It is not intended to allow the trial court to extend the time for filing the entire motion in contravention to T.C.A. § 40-35-401.