# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 8, 2002 Session

## STATE OF TENNESSEE v. ROBERT A. SISSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-07640     Carolyn Wade Blackett, Judge**

---

**No. W2001-01666-CCA-R3-CD - Filed March 4, 2003**

---

The appellant, Robert A. Sisson, pleaded guilty to third offense driving under the influence of an intoxicant and was sentenced to eleven months and twenty-nine days with actual incarceration for 120 days followed by probation.  The appellant, pursuant to Tennessee Rule of Appellate Procedure 37(b)(2)(i), reserved a certified question of law for appeal to this court.  That question is whether the 1998 amendments to Tennessee Code Annotated section 55-10-403(a)(1) regarding penalties for D.U.I. convictions violate the ex-post facto and/or due process clauses of the federal and state constitutions.  Those amendments increase from ten to twenty years the age of prior D.U.I. convictions that may be used to enhance D.U.I. penalties.  Because we find that the defendant committed the instant offense after the effective date of the amendments in question, we find no ex-post facto or due process violations occurred in this case.  The judgment of conviction is therefore affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Joseph S. Ozment, Memphis, Tennessee, for appellant, Robert A. Sisson.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; William L. Gibbons, District Attorney General; and James Powell, Assistant District Attorney General, for appellee, State of Tennessee.

## OPINION

On August 22, 1999, the appellant committed the D.U.I. offense that is the subject of this appeal.  At the time of the commission of the offense the appellant had two separate D.U.I. convictions based on guilty pleas entered in court on December 7, 1987, and February 28, 1996. On July 9, 2001, the appellant pleaded guilty to D.U.I. third offense and, as noted earlier, reserved a certified question of law, to wit:

Whether the provisions of T.C.A. 55-10-403 [sic] as applied to the defendant's prior convictions on February 28, 1996 and December 7, 1987, operate as a violation of due process and/or an ex post facto law in elevating or enhancing the current offense, committed on August 22, 1999, to a third offense DUI, particularly where the law under which the Defendant was previously convicted provided convictions for enhancement purposes up to ten (10) years as opposed to a maximum of twenty (20) and/or whether the current offense should be treated as a third offense.

Prior to entry of his guilty plea on July 9, 2001, the appellant had filed a motion to dismiss that portion of the indictment elevating this offense to a third offense. The motion was based on the grounds noted above. At the hearing on the motion to dismiss the appellant testified that when he pleaded guilty to D.U.I. in 1987 and 1996 he was advised by both his attorneys and the trial judges that those convictions could only be used for ten (10) years to enhance any subsequent D.U.I. conviction. He also testified that he probably would not have entered guilty pleas in 1997 and 1999 had he known the law might change to permit the use for sentence enhancement of those convictions for twenty (20) years. The trial court denied the appellant's motion.

## DISCUSSION

Offenders who commit multiple D.U.I. offenses are subject to having their sentences enhanced. Tenn. Code Ann. § 55-10-403(a)(1) (1997 & Supp. 2001). Under the present version of the code, in order to enhance the defendant's sentence as a multiple offender, the previous D.U.I. offense must have occurred within ten years of the present violation. Tenn. Code Ann. § 55-10-403(a)(3) (1997 & Supp. 2001). If the defendant's record satisfies this condition, then "every conviction for a violation of § 55-10-401, within ten (10) years of the immediately preceding violation shall be considered in determining the number or prior offenses." Tenn. Code Ann. § 55-10-403(a)(3) (1997 & Supp. 2001). The present version of the code specifically forbids the usage of "a conviction occurring more than twenty (20) years from the date of the instant conviction" for enhancement purposes. Tenn. Code Ann. § 55-10-403(a)(3) (1997 & Supp. 2001). Whereas under the present statute, the defendant's prior D.U.I. convictions could be considered within twenty years if some conditions were satisfied, pursuant to the 1987 version, under no condition may convictions occurring after ten years be considered. Compare Tenn. Code Ann. § 55-10-403(a)(3) (1997 & Supp. 2001) with Tenn. Code Ann. § 55-10-403(a)(3) (1987).

Although the defendant claims that the amendments to Section 55-10-403(a)(3) violate his due process rights to fair notice and the ex post facto provisions of the federal and state constitutions, it appears that this Court has repeatedly rejected such claims. State v. Janice Carol Biskner, No. E2000-01440-CCA-R3-CD, 2001 WL 1408510 (Tenn. Crim. App. at Knoxville, Nov. 13, 2001); State v. Clever, 70 S.W.3d 771, 776 (Tenn. Crim. App. 2001). Moreover, it is well established that statutes such as the one at issue here merely enhance the sentence for the triggering offense rather than punish the prior offenses and therefore do not violate constitutional provisions concerning due

-2-

process or ex post facto laws.  State v. Johnson, 970 S.W.2d 500, 505 (Tenn. Crim. App. 1996); State v. Williams, 675 S.W.2d 499, 502 (Tenn. Crim. App. 1984).

The conviction rendering the defendant subject to third offender D.U.I. sentencing was entered on July 9, 2001.  The defendant makes no claim that the advice he received from both counsel and the courts at the time he entered his prior guilty pleas was inaccurate at the time.  These prior convictions cannot act "to freeze the law. . . voiding subsequent legislation regarding future crimes." Janice Carol Biskner, 2001 WL 1408510, at *8.

The judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE