IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## STATE OF TENNESSEE v. TIMOTHY DEWAYNE WILLIAMS

**Appeal from the Circuit Court for Tipton County**
**No. 5815     Joseph H. Walker, Judge**

———————————

**No. W2008-02730-CCA-R3-CD   -   Filed March 26, 2010**

———————————

The Defendant, Timothy Dewayne Williams, was convicted by a Tipton County Criminal Court jury of possession of a Schedule II controlled substance with intent to deliver, a Class B felony; evading arrest in a motor vehicle, a Class E felony; evading arrest, a Class A misdemeanor; and driving while his license was suspended, a Class B misdemeanor. In this appeal as of right, the Defendant argues that the evidence was insufficient to support his convictions. After reviewing the record, we affirm the judgments of the trial court as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed as Modified.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Gary F. Antrican, District Public Defender; and Lyle A. Jones and David S. Stockton, Assistant Public Defenders, attorneys for appellant, Timothy Dewayne Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulaney Faughn, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Billy Burt and James Walter Freeland, Jr., Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

## OPINION

At trial, Officer Scott Oates of the Covington Police Department testified that he was on routine patrol in his marked vehicle on June 12, 2007 when he saw the Defendant. The Defendant was driving a white Buick Regal that belonged to his ex-girlfriend, Tamica Williamson. After observing the Defendant run through the stop sign, Officer Oates turned

on his blue lights. As he approached the vehicle, he motioned to the Defendant "because [they were] kind of headed at each other." According to Officer Oates, the Defendant acknowledged his presence and then drove away. Officer Oates backed up, turned his vehicle around, and tried to pursue the Defendant. Officer Oates went around a sharp curve in pursuit of the Defendant when he noticed that the Defendant's car was "turned sideways in the road where [his] vehicle [could not] get around."

At this point, Officer Oates saw the Defendant running to a gold vehicle. Before the Defendant reached the gold vehicle, the Defendant threw a bag on the ground. Officer Oates retrieved the bag from the roadway and placed it into an evidence bag, but he did not follow the Defendant because the roadway was blocked. He returned to the white car and found an unidentified teenager waiting in the car. He did not speak with the teenager because the teenager's mother arrived shortly after he discovered the teenager.

Officer Oates testified that he knew it was the Defendant who ran the stop sign and threw the bag on the ground because he had seen the Defendant around town and because he had cited the Defendant for traffic violations. When pressed on cross-examination as to how Officer Oates knew the Defendant, he stated that "[a]nybody that's in law enforcement, I dare say, in the city of Covington, Tipton County, knows who Timothy Worm[1] Williams is, anybody."

The Defendant called Investigator Billy Dan Huggins of the Public Defender's office to testify that records from the Tipton County General Sessions Court and the Covington City Court do not reflect that Officer Oates ever wrote the Defendant a traffic ticket. On cross-examination Investigator Huggins stated that he may have searched for a Timothy William instead of Timothy Williams and that this oversight may have hindered his search efforts.

ANALYSIS

The Defendant argues that the evidence produced at trial was insufficient to support his convictions for possession of cocaine with intent to deliver, evading arrest in a motor vehicle, evading arrest, and driving on a suspended license.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved

---

[1]Tamica Williamson testified that the Defendant's nickname is "Worm."

all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). "A verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal,] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). "This [standard] applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

*Possession of a Schedule II Controlled Substance with the Intent to Deliver*

The Defendant contends that the State did not establish the chain of custody for the cocaine found at the scene of the crime; therefore, the cocaine should not have been admitted and the remaining evidence was insufficient to support his conviction for this crime. The State argues that the Defendant did not object to the admission of the evidence at trial and that the Defendant failed to include the chain of custody issue in his motion for new trial. Moreover, the State contends that given the amount and value of cocaine the Defendant discarded, the evidence was sufficient to convict the Defendant of possession of cocaine with intent to deliver.

We must first note that the State is correct in asserting that the Defendant failed to contemporaneously object to the admission of the cocaine and neglected to include this issue in his motion for a new trial. Therefore, this issue is waived. State v. Jeremy Sheron Hall, No. E2003-02946-CCA-R3-CD, 2005 WL 428292, at *9 (Tenn. Crim. App. Feb. 24, 2005) (citations omitted). Nevertheless, the testimony in this case clearly established the chain of custody as a prerequisite to the admission of the cocaine into evidence. While the State established the chain of custody through two separate reports, each person who handled the evidence testified at trial as well.

Officer Oates testified that he took the bag left at the scene to Special Agent Erica Moody Katherine of the Tennessee Bureau of Investigation crime lab in Memphis, Tennessee on July 12, 2007. Special Agent Katherine testified that the contents of the bag tested positive for 2.5 grams of crack cocaine and that on August 1, 2007, Officer Chris Payne picked up the evidence from the lab. Officer Payne testified that he picked up the evidence and gave it to Officer Oates on August 1, 2007. Although Officer Payne's name does not appear on the chain of custody report, his name is on the evidence bag, which reflects that he picked up the bag on August 1, 2007. Officer Payne stated that he picked up the evidence

when the lab requested that he pick up everything on deposit from the Covington Police Department because the lab was conducting an inventory. Lieutenant Allen Wilson of the Covington Police Department testified that he received the evidence from Officer Oates on July 3, 2008 and that he stored the evidence in a safe until he brought the evidence to the Defendant's trial. Based upon this evidence, we conclude that there was sufficient proof of chain of custody and that the trial court did not abuse its discretion in admitting the evidence.

In regard to the sufficiency of the convicting evidence, the conviction for possession of cocaine with intent to deliver, a Class B felony, requires proof beyond a reasonable doubt that the Defendant knowingly possessed cocaine with the intent to deliver. Tenn. Code Ann. § 39-17-417(a)(4) and (c)(1) (2006). "It may be inferred from the amount of a controlled substance or substances possessed by [the Defendant], along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling." Tenn. Code Ann. § 39-17-419.

Officer Oates testified that 2.5 grams is valued between two hundred and two hundred and fifty dollars. He was unable to testify as to how many doses comprise 2.5 grams of crack cocaine. Officer Oates stated that the life-span of 2.5 grams of cocaine depends on the person because a person may consume 2.5 grams in one sitting or in several sittings. Special Agent Katherine testified that 0.1 grams of a crack rock is a "good estimate" of what a person may use in one sitting. She then stated that this cocaine was somewhat powdery and that she was unsure about how much cocaine a person could use in one sitting if the cocaine was in a powdery form. Following our review, we conclude that the evidence was sufficient to support his conviction because a jury could conclude that the amount of cocaine was more than the Defendant would have for his personal consumption.

*Evading Arrest in a Motor Vehicle*

The Defendant argues that the evidence regarding the evading arrest in a motor vehicle conviction was insufficient because Officer Oates was the only eyewitness. The Defendant argues that Officer Oates's failure to interview the unidentified teenager is grounds to "remove the presumption of correctness, and the rational inferences drawn from it." The State argues that the evidence was sufficient.

The conviction for evading arrest in a motor vehicle, a Class E felony, requires proof beyond a reasonable doubt that the Defendant was driving a motor vehicle and intentionally fled or attempted to allude a law enforcement officer, "after having received any signal from the officer to bring the vehicle to a stop." Tenn. Code Ann. § 39-16-603(b)(1). Officer Oates testified that the Defendant ran a stop sign in a white Buick Regal and that the Defendant fled after Officer Oates turned on his blue lights. Tamica Williamson testified that she owns a white Buick Regal and that the Defendant has driven this car on occasion.

She also stated that she received a call regarding her car on the day of the crime and that she had to pick up her car at an impound lot. Despite signing a statement indicating that Ms. Williamson knew that the Defendant was driving her car that day, Ms. Williamson denied any knowledge of what actually happened that day regarding her car because she was at work. Ms. Williamson testified that Officer Oates instructed her to write a statement indicating that the Defendant was driving the car. She did note that she did not drive her car that day because she rode to work with someone else. Any questions regarding Officer Oates's credibility that may have been raised during cross-examination were resolved by the jury, as was their province to do. Following our review, we conclude that the evidence was sufficient to support his conviction.

*Evading Arrest*

The Defendant argues that there was insufficient evidence to support a conviction of evading arrest and that this charge of evading arrest is a violation of his constitutional rights because it is a continuation of the evading arrest in a motor vehicle conviction. The State contends that the evidence is sufficient to support his conviction for evading arrest and that his convictions for evading arrest in a motor vehicle and misdemeanor evading arrest do not violate double jeopardy. The State also claims that the Defendant did not raise this double jeopardy issue in his motion for new trial.

In regard to the sufficiency of the convicting offense, the conviction for evading arrest, a Class A misdemeanor, requires proof beyond a reasonable doubt that the Defendant intentionally fled "by any means of locomotion from anyone the [Defendant knew] to be a law enforcement officer if the [Defendant knew] the officer [was] attempting to arrest [him] or [he was] arrested [at the time of flight]." Tenn. Code Ann. § 39-16-603(a)(1). Officer Oates testified that he turned on his blue lights and attempted to stop the Defendant after the Defendant ran a stop sign. Officer Oates chased the Defendant until the Defendant got out of his car and ran to a new car, leaving the white Buick Regal in the roadway. Accordingly, we conclude that the evidence was sufficient to support this conviction.

In regard to the Defendant's double jeopardy argument, the Defendant argues that dual convictions for felony evading arrest and misdemeanor evading arrest violate the double jeopardy clause of the Tennessee Constitution. Such an allegation, if meritorious, would result in a dismissal of the prosecution. Therefore, we conclude that the Defendant's failure to include this issue in his motion for new trial does not result in a waiver of the issue on appeal. See Tenn. R. App. P. 3(e); State v. Williams, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984); State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980) (waiver provision regarding the inclusion of issues in a motion for new trial does not apply to issues that would result in a dismissal of the indictment).

The Defendant argues that dual convictions for driving away in a white car and then driving away in a gold car violate the principles of double jeopardy because there was only one discrete act of flight. The State argues that there were two discrete acts of flight and that the Defendant may receive punishment for each discrete act. The State believes that the first act occurred when the Defendant failed to stop in the white car and drove away after the officer turned on his blue lights. According to the State, the second act occurred when the Defendant blocked the roadway with the white car and ran to the gold car.

This case is similar to the settled case law in State v. Prentice C. Calloway, No. M2004-01118-CCA-R3-CD, 2005 WL 1307800 (Tenn. Crim. App. June 2, 2005) and State v. Gregory Mullins, No. E2004–02314-CCA-R3-CD, 2005 WL 2045151 (Tenn. Crim. App. August 25, 2005), perm. app. denied (Tenn. Feb. 6, 2006). The Defendants in Calloway and Mullins were charged with felony evading arrest and misdemeanor evading arrest. In Calloway and Mullins, the Defendants initially fled from officers while driving a motor vehicle and then jumped out of the vehicle and continued to run on foot. This court concluded in Calloway and Mullins that dual convictions for felony evading arrest and misdemeanor evading arrest violated the double jeopardy clause of the Tennessee Constitution. While the Defendant in this case used another vehicle to continue his flight instead of continuing to run on foot, we believe that the rule announced in Calloway and followed in Mullins still applies to this case. Accordingly, we conclude that the Defendant's " conviction for misdemeanor evading arrest must be merged into the conviction for [the] Class E felony evading arrest." Gregory Mullins, 2005 WL at *7.

*Driving on a Revoked License*

The Defendant argues that we should reevaluate the evidence for his conviction of driving on a revoked license and the "presumption of correctness should be removed" because Officer Oates did not interview the unidentified teenager in the white Buick. The Defendant cites State v. Ferguson, 2 S.W.3d 912, 918 (Tenn. 1999) to support his contention. The State does not respond to the Ferguson argument. The State does note that the evidence is sufficient to support the Defendant's conviction for driving on a revoked license.

As an initial matter, we will respond to the Defendant's contention that Ferguson is applicable to this case. We first note that the facts of Ferguson are materially different from the facts of this case. Id. at 915. In Ferguson, police officers destroyed a videotape, which could have exonerated the Defendant. Id. In this case, Officer Oates did not destroy or hide exculpatory evidence, he failed to interview a witness who was available to the Defendant for interview. The rule announced in Ferguson answers the question of "[w]hether a trial, conducted without destroyed evidence, would be fundamentally fair." Id. at 914. If the court concludes that the trial would be unfair without the destroyed evidence, the court may dismiss the charges. Id. at 917. Thus, the Defendant's argument that the presumption of

correctness should be removed because the officer did not interview a witness is misplaced on several grounds. Moreover, the facts of Ferguson lead us to conclude that Ferguson applies to the State's destruction of tangible exculpatory evidence and not the failure of an officer to interview a witness. Accordingly, we conclude that Ferguson is inapplicable to this case.

In regard to the sufficiency of the convicting evidence, the conviction for driving on a revoked license, a Class B misdemeanor, requires proof beyond a reasonable doubt that the Defendant drove a motor vehicle in any designated area specified in the statute while his license was cancelled, suspended, or revoked. Tenn. Code Ann. § 55-50-504(a)(1). Officer Oates testified that on June 12, 2007, he observed the Defendant run a stop sign and flee in a vehicle from his pursuit. At trial, Diane Joyner of the Tennessee Department of Safety testified that she is the keeper of the records for Memphis, Tennessee. Ms. Joyner stated that the Defendant's driver's license was suspended before June 12, 2007 and that it was still suspended on the day of the crime. Accordingly, we conclude that the evidence was sufficient to support his conviction.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed as modified.


_____
D. KELLY THOMAS, JR., JUDGE