IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 9, 2022 Session

## STATE OF TENNESSEE v. JOHNNY DEWAYNE BOYD

**Appeal from the Circuit Court for Giles County**
**No. 2019-CR-15099        Stella L. Hargrove, Judge**

_____

### No. M2021-01057-CCA-R3-CD
_____

Defendant, Johnny DeWayne Boyd, was convicted by a jury of rape of a child and incest. The trial court imposed an effective thirty-year sentence in the Department of Correction. On appeal, Defendant contends (1) the trial court erred in denying his motion to dismiss based on the State's failure to file a bill of particulars, and (2) that he was prejudiced by the trial court's denial of his motion to continue the trial due to a court security officer testing positive for COVID-19 and the trial court's failure to comply with the Tennessee Supreme Court's Order on COVID-19 protocol. After a careful review of the record, we conclude that Defendant failed to file a timely motion for new trial before the trial court. Additionally, Defendant failed to file a timely notice of appeal. Because the record does not support this court's waiver of the untimely notice of appeal, we dismiss Defendant's appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JOHN W. CAMPBELL, SR., JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Johnny DeWayne Boyd.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Emily Crafton, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Background Facts and Procedure

This case arose from the sexual abuse of the minor victim by Defendant. On December 12, 2018, the Giles County Grand Jury returned an indictment against Defendant charging him with rape of a child, a Class A felony, and incest, a Class C felony. *See* T.C.A. §§ 39-13-522, 39-15-302. Both offenses allegedly occurred "on or about the 8th of October 2018." The case was set for trial on December 2, 2019. However, on November 27, 2019, the State moved to amend its indictment. The court granted the motion and re-set the case for trial. On December 11, 2019, the State obtained a superseding indictment identifying the commission of both offenses during a period of time from October 1, 2018, until November 1, 2018.

On January 16, 2020, Defendant filed a motion for bill of particulars requesting "the location, the means of penetration, and date of each alleged crime." Following a case status hearing on February 25, 2020, the State signed an agreed order "to provide bill of particulars within 10 days setting forth the manner of penetration and date (according to victim) for each incident alleged under count 1." The State's failure to comply with the order was revealed during a case status hearing on April 27, 2020. At that hearing, the State announced that it had not received Defendant's motion, yet provided a bill of particulars that identified the manner of penetration as "penile penetration [by Defendant] of the minor victim's genital openings." The response did not include a date of the offense. The State announced that it was unable to provide any additional time period other than the time period identified in the indictment. Based on the foregoing, Defendant made an oral motion to dismiss. The trial court entered a written order denying Defendant's motion to dismiss despite the State's "neglect of this matter." Relying heavily on *State v. Byrd,* 820 S.W.2d 739 (Tenn. 1991), the trial court by written order[1] held that it would not be able to determine until trial whether deficiencies in the State's response hampered Defendant's defense or otherwise inured to his prejudice.

The case was set for trial on Thursday, October 15, 2020. However, on the day before trial, Defendant moved for a continuance based on a courthouse security officer's testing positive for the COVID-19 virus on Monday, October 12, 2020, and a lack of "any special precautions" in light of the positive test. The court denied the motion and Defendant filed an application for an extraordinary appeal to this court approximately two hours after receiving news of the trial court's decision. *See* Tenn. R. App. P. 10(a). Based on the statements attributed to the trial court, this Court found that the trial court was

---

[1] The trial court's order was signed by both the Honorable J. Russell Parkes and the Honorable Stella L. Hargrove, noting that prior to April 27, 2020, Judge Hargrove had presided over Defendant's case, but that due to complications associated with the COVID-19 virus, Judge Parkes heard all motions on April 27, 2020.

following the guidelines and restrictions established by the Supreme Court. This court held that Defendant had "failed to demonstrate how the trial judge has not complied with any of the supreme court's mandates." This court denied the application for an extraordinary appeal. *See State v. Johnny Boyd*, No. M2020-01426-CCA-R10-CD (Tenn. Crim. App. Oct. 15, 2020).

The record shows that the trial commenced on October 16, 2020, the day after this court denied Defendant's application for extraordinary appeal. Several witnesses testified including the victim and Defendant. The jury convicted Defendant as charged in the indictment. Although the sentencing transcript is not part of the record, the judgments reflect that Defendant was sentenced to thirty years at 100 percent by operation of law on the rape of child conviction and three years as a Range I offender on the incest conviction. The trial court ran the two counts concurrently with each other for an effective thirty-year sentence. The judgments were entered on January 20, 2021.

Defendant filed a motion for new trial on February 22, 2021, three days after the thirty-day filing deadline had passed. He argued for a new trial raising three issues: the verdict was against the evidence; the State "refused to file a bill o[f] particulars as ordered by the trial court in violation of due process; and his trial was held in violation of "applicable CDC guidelines, the Orders of the Tennessee Supreme Court, and the COVID orders for court proceedings entered in the 22nd Judicial District." Defendant filed an amended motion for new trial on March 9, 2021, adding a fourth issue: whether the trial court erroneously instructed the court clerk to seat "the first thirty-one jurors who arrived at court" in contravention of Tennessee Code Annotated section 40-18-104.

A hearing on the motion for new trial was heard on August 13, 2021. No mention was made by either party or the trial court regarding the timeliness of the motion for new trial. Each side called two witnesses. The trial court denied the motion for new trial at the conclusion of the hearing and entered an order on August 17, 2021. Defendant thereafter filed a notice of appeal on September 13, 2021.

**Analysis**

Rule 13 of the Tennessee Rules of Appellate Procedure requires this Court to determine whether we have jurisdiction in every case presented on appeal. Tenn. R. App. P. 13(b); *State v. Kim McBride Murphy*, No. E2007-02647-CCA-R3-CD, 2008 WL 4614323, at *1 (Tenn. Crim. App. Oct. 17, 2008). Although not raised by the parties in their briefs and at oral argument, Defendant's motion for new trial was not timely filed. Because the untimely motion for new trial was a nullity, it did not toll the thirty-day period for filing the notice of appeal, resulting in the untimely filing Defendant's appeal. Thus, the issue before this court is whether the notice of appeal requirement should be waived in the interest of justice. The record shows that Defendant was sentenced on January 19, 2021. The judgments were entered the next day, January 20, 2021, as evidenced by the file

stamp of the court clerk. "The 'file-stamp' date provides evidence of when the order of sentence was entered by the clerk. Therefore, the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge." *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) *abrogated on other grounds as stated in State v. Randall T. Beaty*, No. M2014-00130-CCA-R3-CD, 2016 WL 3752968, at *20 (Tenn. Crim. App. July 8, 2016); *State v. Bobby Lee Allen Robinette,* No. E2014-01688-CCA-R3-CD, 2015 WL 4745065, at *3-4 (Tenn. Crim. App. Aug. 11, 2015).

Once the judgment is entered, a defendant has thirty days to file the motion for new trial. *See* Tenn. R. Crim. P. 33(b) ("motion for a new trial shall be in writing . . . within thirty days of the date the order of sentence is entered"). The thirty-day provision is jurisdictional, and the time for filing cannot be extended. *See* Tenn. R. Crim. P. 45(b) (specifically excluding time for filing a motion for new trial from those time periods which the trial court may extend in its discretion); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). Thus, trial courts lack jurisdiction to hear and determine the merits of an untimely filed motion for new trial and a trial court's erroneous consideration of an untimely motion for new trial, which occurred in this case, does not validate the motion for purposes of appellate review. *Martin,* 940 S.W.2d at 569; *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989) ("[a] motion for new trial which is not timely filed is a nullity"). Indeed, this court lacks the authority to waive the untimely filing of a motion for new trial. *State v. Bryan James Cooke*, No. M2019-01164-CCA-R3-CD, 2020 WL 3606451, at *2 (Tenn. Crim. App. July 2, 2020). Furthermore, the failure to file a timely motion for new trial waives plenary review of all appellate issues "except sufficiency of [the] evidence and sentencing." *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004); *see also* Tenn. R. App. P. 3(e); *Dodson,* 780 S.W.2d at 780; *State v. Williams*, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984).

Here, Defendant had thirty days from January 20, 2021, or until Friday, February 19, 2021, to file a timely motion for new trial. Defendant's motion was filed on Monday, February 22, 2021, three days after the filing deadline had passed We conclude the motion for new trial in this case was untimely filed.

Because the untimely motion for new trial was a nullity, it did not toll the thirty-day period for filing the notice of appeal, which expired on February 19, 2021. *See* Tenn. R. App. P. 4(c) (if a timely motion for new trial is filed, "the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition") *cf.* Tenn. R. App. P. 4(a) ("the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from"). Defendant filed his notice of appeal on September 13, 2021, more than 200 days after the filing deadline had expired and well beyond thirty days from the entry of the judgments. We conclude that the notice of appeal was untimely filed.

However, unlike the procedure for the motion for new trial, "the timely filing of a notice of appeal is not a prerequisite to jurisdiction in this court," and this court may waive the timely filing requirement in the "interest of justice." *See State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987) (citing Tenn. R. App. P. 4(a); *see also State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Rockwell,* 280 S.W.3d at 214 (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

As mentioned previously, the untimeliness of the motion for new trial and the notice of appeal was not addressed by either party. At no time has Defendant acknowledged that the motion for new trial and the notice of appeal were untimely filed, and there has been no request by Defendant for this court to accept the late filed notice of appeal in the interest of justice. "A defendant bears the responsibility to properly perfect his appeal or to demonstrate that the 'interests of justice' merit waiver of an untimely filed notice of appeal." *State v. Steven C. James,* No. E2021-00559-CCA-R3-CD, 2022 WL 633540, at *1 (Tenn. Crim. App. Mar. 4, 2022), *no perm. app. filed* (citing *State v. Carl T. Jones*, No. M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011)).

Defendant raises two issues for appellate review, "whether the court erred in not requiring the State to furnish a bill of particulars?" and "whether the court abused its discretion in refusing to continue trial or comply with Supreme Court Covid orders?" Because these issues do not concern the sufficiency of evidence or sentencing, we are precluded from reviewing them. *Bough*, 152 S.W.3d at 460; Tenn. R. App. P. 3(e); *State v. Marterious O'Neal*, No. W2019-02155-CCA-R3-CD, 2021 WL 1832148, at *2 (Tenn. Crim. App. May 7, 2021) (this court elected to waive untimely filing of the notice of appeal where defendant raised only sufficiency and sentencing issues on appeal), *perm. app. denied* (Tenn. Nov. 19, 2021); *see also State v. Davis*, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987) (issue concerning adequacy of bill of particulars waived due to untimely filed motion for new trial); *State v. Dawn Kathleen Davidson*, No. W2009-02313-CCA-R3-CD, 2011 WL 744741, at *8-9 (Tenn. Crim. App. Mar. 3, 2011) (except for sentencing all of defendant's issues including denial of bill of particulars waived by untimely motion for new trial); *State v. Johnson,* 980 S.W.2d 414, 418 (Tenn. Crim. App. 1998) (defendant's request for continuance based on State's alleged discovery violation waived by defendant's failure to timely file the motion for new trial).

Moreover, Defendant previously challenged the trial court's denial of his motion to continue the trial based on alleged violations of COVID-19 protocol in an unsuccessful extraordinary appeal under Rule 10, Tennessee Rules of Appellate Procedure. *See Johnny Boyd*, No. M2020-01426-CCA-R10-CD. To the extent this court's denial of the extraordinary appeal on this issue has any bearing on direct appeal, we see no reason to

5

depart from the earlier denial of the application. In order to succeed on a continuance motion, "a defendant who asserts that the denial of a continuance constitutes a denial of due process . . . must establish actual prejudice." *State v. Odom,* 137 S.W.3d 572, 589 (Tenn. 2004) (citing *Morris v. Slappy,* 461 U.S. 1, 11-12 (1983)). We note that Defendant acknowledged, both in his brief and at oral argument, that actual prejudice cannot be determined, much less established from the record to justify a continuance based on the positive COVID-19 test of the court security officer and the trial court's implementation of safety protocols. Consequently, the factors weigh against waiver. We conclude that the notice of appeal was untimely filed and dismiss the appeal.

## CONCLUSION

Because the motion for new trial and the notice of appeal in this case were untimely filed and because we have determined that no facts exist warranting a waiver of this untimely filing of the notice of appeal in the interest of justice, the appeal is hereby dismissed.

_____
JILL BARTEE AYERS, JUDGE

6