IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2025

## STATE OF TENNESSEE v. BRYAN RAY DUDLEY

**Appeal from the Circuit Court for Franklin County**
**No. 2020-CR-21      John Harvey Cameron, Judge**
_____

### No. M2025-00250-CCA-R3-CD
_____

The Defendant, Bryan Ray Dudley, appeals his Franklin County Circuit Court convictions of first degree premeditated murder, first degree felony murder, and two counts of especially aggravated kidnapping, for which he received an effective sentence of life plus thirty-five years' incarceration. On appeal, the Defendant challenges the sufficiency of the convicting evidence and argues the trial court erred by admitting evidence of his suicide attempt following the victim's murder and by neglecting to instruct the jury regarding proximate causation. Because we conclude that both the Defendant's motion for a new trial and notice of appeal were untimely filed and that the interests of justice do not merit the waiver of the untimeliness of the Defendant's notice of appeal, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gregory M. O'Neal, Winchester, Tennessee, for the appellant, Bryan Ray Dudley.

Jonathan Skrmetti, Attorney General and Reporter; Ryan W. Davis, Assistant Attorney General; Courtney Lynch, District Attorney General; and Steve Strain, Kandi Nunley, and Casey Little, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### I.      FACTUAL AND PROCEDURAL HISTORY

This case arises from the Defendant's participation in the kidnapping and murder of the victim, David Steele. The evidence adduced at trial established that on October 2, 2017, the victim, after an argument at his home with several of the separately tried codefendants, attempted to flee the home but was beaten and shot in the leg. The codefendants carried the still-breathing victim back into the home and arranged to rendezvous with the Defendant. The codefendants loaded the victim into the back of a truck and drove to meet the Defendant, who subsequently assumed control of the truck and drove the victim into the woods. The victim's decomposing body was found hanging by a noose from a tree on October 26, 2017. His cause of death was determined to be hanging.

On August 16, 2024, the Defendant was convicted of first degree premeditated murder, first degree felony murder, and two counts of especially aggravated kidnapping following a jury trial. The trial court held a sentencing hearing on September 25, 2024, and imposed an effective sentence of life plus thirty-five years' incarceration. Judgment forms were entered that same day. On October 8, 2024, the Defendant filed a motion to alter or amend his judgment forms pursuant to Tennessee Rule of Criminal Procedure 36 for his convictions of especially aggravated kidnapping, noting that they inaccurately stated that the offenses had been committed on or after July 1, 2022, and required a one-hundred percent service rate. The trial court granted the Defendant's Rule 36 motion on October 23, 2024, and amended judgment forms for the Defendant's convictions of especially aggravated kidnapping were entered on November 19, 2024.

The Defendant filed a motion for a new trial on December 18, 2024, which the trial court heard and denied on January 24, 2025. The Defendant subsequently filed a notice of appeal on February 20, 2025.

## II.    ANALYSIS

On appeal, the Defendant challenges the sufficiency of the convicting evidence and argues the trial court erred by admitting evidence of his suicide attempt following the victim's murder and by neglecting to instruct the jury regarding proximate causation. The State responds that the appeal must be dismissed because the Defendant's motion for a new trial and notice of appeal were both untimely filed. We agree with the State.

It is well-established that "no issue presented for review shall be predicated [on] . . . [a] ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial." Tenn. R. App. P. 3(e). Tennessee Rule of Criminal Procedure 33(b) requires that a motion for new trial be made in writing "within thirty days of the date the order of sentence is entered" to preserve issues for appellate review. The thirty-day timeframe imposed by Rule 33(b) may not be extended by the trial court, *see* Tenn. R. Crim. P. 45 (b)(3), and a trial court is without jurisdiction to consider an untimely filed

motion for new trial, *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). When a defendant files an untimely motion for a new trial, the trial court must dismiss the motion. *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. 1989) (citing *State v. Williams*, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984)). Moreover, the fact that a trial court nevertheless considers and rules upon an untimely motion for a new trial will not preserve the issues raised therein for appellate review. *State v. Lowe-Kelley*, 380 S.W.3d 30, 34 (Tenn. 2012); *Dodson*, 780 S.W.2d at 780. Accordingly, when a defendant fails to timely file a motion for a new trial, "all issues are deemed waived except for sufficiency of evidence and sentencing." *State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004) (abrogated on other grounds by *State v. Thomas*, 687 S.W.3d 223, 242 (Tenn. 2024)).

In this case, the Defendant's judgments of conviction were entered on September 25, 2024. Accordingly, he had until October 25, 2024, to timely file his motion for a new trial. Although the trial court granted the Defendant's timely Rule 36 motion to correct his judgments and entered corrected judgments for the Defendant's convictions of especially aggravated kidnapping on November 19, 2024, the entry of an amended or corrected judgment of conviction generally does not extend or restart the thirty-day timeframe imposed by Tennessee Rule of Criminal Procedure 33. *See State v. Presley*, No. M2007-02487-CCA-R3-CD, 2008 WL 3843849, at *3 (Tenn. Crim. App. Aug. 18, 2008), *no perm. app. filed*. The Defendant's December 18, 2024 motion for a new trial was, therefore, untimely by fifty-four days, resulting in the waiver of all the issues he raises on appeal except for his challenge to the sufficiency of the convicting evidence. *Bough*, 152 S.W.3d at 460.

The Defendant's notice of appeal is also untimely. Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be "filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Certain specifically enumerated motions apply to toll the thirty-day timeframe to timely file a notice of appeal, including a motion for a new trial. Tenn. R. App. P. 4(c). When a defendant files a timely motion for a new trial, "the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition." *Id.*; *see also State v. Byington*, 284 S.W.3d 220, 225 (Tenn. 2009). But because an untimely motion for a new trial is a legal nullity, it cannot toll the thirty-day timeframe for filing a timely notice of appeal. *Dodson*, 780 S.W.2d at 780. Thus, the deadline for filing a notice of appeal was October 25, 2024. The Defendant filed his notice of appeal in this case on February 20, 2025, rendering it untimely by nearly four months.

However, the timely filing of a notice of appeal is not jurisdictional and may be waived in the interest of justice. Tenn. R. App. 4(a); *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. 2007). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in

seeking relief, and any other relevant factors presented in the particular case." *Rockwell*, 280 S.W.3d at 214 (quoting *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm. app. filed*)). Importantly, the appellant bears the burden of perfecting an appeal or else demonstrating that the interests of justice weigh in favor of waiver. *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023) (citing *State v. Jones*, No. M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011), *perm. app. denied* (Tenn. Apr. 11, 2012)), *perm. app. denied* (Tenn. June 7, 2023).

First, we consider the nature of the issues presented for review. *Rockwell*, 280 S.W.3d at 214. Although the Defendant challenges the trial court's admission of evidence of his suicide attempt following the victim's murder and argues that the trial court erred by neglecting to instruct the jury on proximate causation, as noted above, those issues are waived because they were not included in a timely filed motion for a new trial. *Bough*, 152 S.W.3d at 460. The sole issue remaining for our review is the Defendant's challenge to the sufficiency of the convicting evidence. The Defendant argues generally that the evidence was insufficient to establish that he proximately caused the victim's death because "[t]he great weight of the evidence presented against [him] was circumstantial evidence" and that the jury did not accord "sufficient weight" to certain proof he contends was exculpatory. However, we review the sufficiency of the convicting evidence in the light most favorable to the State regardless of "whether the conviction is predicated on direct or circumstantial evidence, or a combination of both." *State v. Williams*, 558 S.W.3d 633, 638 (Tenn. 2018). Moreover, this court does not "reweigh the evidence . . . because questions regarding witness credibility, the weight to be given the evidence, and factual issues raised by the evidence are resolved by the jury as the trier of fact." *State v. Curry*, 705 S.W.3d 176, 183 (Tenn. 2025) (citations omitted). Accordingly, the nature of the Defendant's challenge to the sufficiency of the convicting evidence weighs against waiver.

Next, we consider the reasons for and the length of the delay in seeking relief. *Rockwell*, 280 S.W.3d at 214. Based on his appellate brief, the Defendant is seemingly unaware of the untimeliness of his notice of appeal; in his "Statement of the Case," he states that he timely filed a motion for a new trial, which the trial court denied following a hearing. The Defendant further states that he "has perfected his appeal[.]" In its responsive brief, the State argues the appeal should be dismissed because the Defendant failed to file a timely motion for a new trial or notice of appeal. The Defendant, however, failed to file a reply brief addressing the State's arguments. The Defendant has thus presented no explanation as to the reasons behind the nearly four-month delay in filing his notice of appeal. This court has repeatedly held that the absence of any explanation as to why the notice of appeal was untimely filed weighs against waiver. *See, e.g.*, *State v. Henderson*, No. W2024-01284-CCA-R3-CD, 2025 WL 1530570, at *2 (Tenn. Crim. App. May 29, 2025) ("Defendant neither asked for a waiver of the requirement nor offered any

explanation for his failure to file a timely motion for new trial and notice of appeal. As such, he has failed to meet his burden, and we dismiss the appeal."), *perm. app. denied* (Tenn. Sept. 11, 2025); *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *5 (Tenn. Crim. App. Nov. 9, 2023) ("[T]he absence of an apparent reason for the delay weighs strongly against a waiver[.]"), *perm. app. denied* (Tenn. May 16, 2024); *Thomas*, 2023 WL 328337, at *4 ("A review of the record indicates that the [d]efendant has not requested a waiver nor has he offered any type of explanation as to why we should excuse him from the timeliness requirement."). We reiterate that the appellant bears the responsibility of demonstrating that the interests of justice merit waiver of an untimely notice of appeal. Where, as here, an appellant not only appears unaware that his notice of appeal is untimely but also remains silent and does not request waiver in his initial brief or a reply brief when the State responds that his appeal should be dismissed, the appellate courts are hard-pressed to conclude that the interests of justice merit waiver. *See State v. Smith*, No. E2023-01416-CCA-R3-CD, 2024 WL 4554632, at *9 (Tenn. Crim. App. Oct. 22, 2024) (Easter, J., concurring) ("Defendant has made no attempt to explain to this [c]ourt why waiver is in the interest of justice. This should end our analysis."), *no perm. app. filed*. Therefore, the Defendant's failure to explain why his notice of appeal was untimely by nearly four months or to request waiver weighs heavily against waiver, if it's not fatal.

The final *Rockwell* factor considers "any other relevant factors presented in the particular case." *Rockwell*, 280 S.W.3d at 214. Our review of the record uncovers no such additional factors, and as noted above, the Defendant does not argue that any factors exist.

Accordingly, we conclude that the interests of justice do not merit the waiver of the Defendant's untimely notice of appeal, and we dismiss his appeal.

### III. CONCLUSION

Following our review of the record and based upon the foregoing analysis, we conclude that the Defendant's motion for a new trial and notice of appeal were untimely filed. Because the interests of justice do not merit the waiver of the Defendant's notice of appeal, his appeal is dismissed.

s/ *Steven W. Sword*

STEVEN W. SWORD, JUDGE

- 5 -