# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. LAYTHANIEL HANEY

**Appeal from the Circuit Court for Cocke County**
**No. 0380    Ben W. Hooper, II, Judge**

---

**No. E2009-00875-CCA-R3-CD - Filed May 11, 2010**

---

The Defendant was indicted for sale and delivery of less than .5 grams of a Schedule II controlled substance, both Class C felonies. A jury acquitted the Defendant of the sale of a Schedule II controlled substance but convicted him of the lesser-included offense of simple possession or casual exchange of a Schedule II controlled substance. The jury also convicted the Defendant of delivery of a Schedule II controlled substance. The trial court sentenced the Defendant as a career offender to fifteen years confinement for the delivery conviction. In his appeal as of right, the Defendant raises five issues for this court's review: (1) whether the verdicts were inconsistent; (2) whether the convictions for simple possession or casual exchange merge with the delivery conviction; (3) whether the Defendant received a fair trial when jurors were found sleeping during the presentation of evidence; (4) whether the evidence was sufficient to convict the Defendant of delivery of a Schedule II controlled substance; and (5) whether the Defendant received a fair trial when he was intoxicated and unable to assist trial counsel at the time of trial. We conclude that the issues regarding the sleeping jurors and the Defendant's alleged intoxication are waived because the Defendant failed to file a timely motion for a new trial. Following our review, we conclude that the verdicts were not inconsistent and that the evidence was sufficient to support his convictions. However, we conclude that the judgments do not properly reflect the jury's verdict or the trial court's merger of the offenses  Therefore, we remand the case for correction of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed in Part; Case Remanded for Correction of Judgments**.

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Derreck Whitson, Newport, Tennessee, attorney for appellant, Laythaniel Haney.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James B. Dunn, District Attorney General; and Joe C. Crumley, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

Initially, we note that the record reflects that the judgments of conviction were filed on December 11, 2007. The Defendant filed a motion for new trial on January 11, 2008, one day beyond the filing deadline. Tenn. R. Crim. P. 33(b). It appears that neither party was aware of this oversight because it was not mentioned by the trial court or by either party on appeal. The motion for new trial was heard on December 16, 2008 and denied by written order on April 22, 2009. The Defendant filed a notice of appeal on April 27, 2009.

The thirty-day filing deadline of a motion for new trial is mandatory, jurisdictional, and may not be extended. Tenn. R. Crim. P. 45(b); State v. Martin, 940 S.W.2d 567, 569 (Tenn. Crim. App. 1997). Consequently, "[a] motion for new trial which is not timely filed is a nullity." State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). Subsequent review or considerations by the trial court or agreements of parties to hear an untimely motion will not validate the motion for the purposes of appellate review. Id.; State v. Davis, 748 S.W.2d 206 (Tenn. Crim. App. 1987). Failure to file a timely motion for new trial will result in the waiver of all appellate issues that would result in the granting of a new trial. Dodson, 780 S.W.2d at 780; State v. Williams, 675 S.W.2d 499, 501 (Tenn. Crim. App. 1984). Therefore, we conclude that the issues raised by the Defendant regarding the sleeping jurors and his alleged intoxication are waived. We acknowledge that this court cannot review those grounds upon which a new trial was sought but may review those issues which would result in dismissal. Tenn. R. App. P. 3(e); Williams, 675 S.W.2d at 501; see also State v. Givhan, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1980). Therefore, the remaining issues regarding the sufficiency of the evidence, the alleged inconsistent verdicts, and merger may still be reviewed by this court.

While we conclude that the remaining issues may be reviewed even though the motion for new trial was untimely, Rule 4(a) of the Tennessee Rules of Appellate Procedure still requires the filing of a notice of appeal within thirty days of the entry of judgment or, pursuant to Rule 4(e), the entry of an order denying the motion for new trial. "Because the untimely motion was a nullity, it did not toll or defer the thirty-day period for filing the notice of appeal, which expired on [January 10, 2008]." Davis, 748 S.W.2d at 207. Therefore, the notice of appeal in this case was also untimely. See, e.g., State v. Patterson, 966 S.W.2d 435,

440 (Tenn. Crim. App. 1997); Davis, 748 S.W.2d at 207. The timely filing of a notice of appeal is not a prerequisite to the jurisdiction of this court, and this court may waive the requirement in the interest of justice. Tenn. R. App. P. 4(a).

However, this court has warned "the bench and bar alike . . . that there is no automatic appeal of these issues to this [c]ourt." State v. John A. Turbyville, No. E2002-00629-CCA-R3-CD, 2003 WL 21983022, at *1 (Tenn. Crim. App. Aug. 21, 2003). In order to secure review of issues relating to the sufficiency of the evidence and sentencing, a timely filed notice of appeal must occur, or a waiver of the timely filed notice of appeal must be sought and obtained in this court. In this case, the record is clear that the Defendant, the State, and the trial court were not aware of his untimeliness in regard to the filing of the motion for new trial or notice of appeal. Therefore, in the interest of justice, we will review the Defendant's issues regarding the sufficiency of the evidence, the alleged inconsistent verdicts, and merger.

I. Sufficiency

The Defendant contends that the evidence was insufficient to sustain his conviction for delivery of a controlled substance. The State responds that the evidence was sufficient to support the conviction.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319. The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). "A verdict of guilt verdict removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id.; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). "This [standard] applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence." State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

-3-

The Defendant was convicted of delivery of less than .5 grams of a Schedule II controlled substance, which required the State to prove, beyond a reasonable doubt, that the Defendant knowingly delivered less than .5 grams of a Schedule II controlled substance. Tenn. Code Ann. § 39-17-417(a)(2), (2)(A). "'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Tenn. Code Ann. § 39-17-402(6).

These charges stem from an undercover drug operation in which Officer Neal Seals, who at the time of the transaction was working for the Sevierville Police Department Drug Task Force, and a confidential informant, Dawn Hicks, purchased cocaine from the Defendant. Most of the events of the day and the entire transaction between the Defendant and Ms. Hicks were recorded on a digital recording device.

On November 28, 2006, Officer Seals and Ms. Hicks met the Defendant at an Exxon gas station where the Defendant got into their car. The Defendant began directing them to a house in Cocke County so that they could purchase one hundred dollars worth of crack cocaine for the Defendant. As Ms. Hicks was driving, the Defendant "began smoking crack cocaine in the back seat" of the vehicle. The Defendant then offered some of his crack cocaine to Officer Seals, who declined the invitation and said, "Naw, I don't do that." Ms. Hicks told the Defendant that Officer Seals was purchasing the crack for his "old lady." After Officer Seals refused to smoke the cocaine, the Defendant "kind of got quiet and didn't say too much more after that."

When they arrived at the house, Ms. Hicks got out of the vehicle and talked with the Defendant. The conversation between Ms. Hicks and the Defendant was not recorded because Officer Seals had the recording device with him in the car. According to Ms. Hicks, the Defendant told her that "he didn't want to have nothing to do with [Officer Seals]. He'd deal with me but not [Officer Seals]." Eventually, Ms. Hicks gave the Defendant the one hundred dollars[1] that was given to her by Officer Seals and asked the Defendant for "a hundred dollars worth" of cocaine. The Defendant then instructed Ms. Hicks and Officer Seals to go buy him a candy bar from a gas station. Officer Seals and Ms. Hicks drove back to the Exxon gas station and purchased a candy bar. At some point, Officer Seals gave Ms. Hicks the recording device in case they were separated again.

---

[1]The money was obtained through the "Drug Task Force Confidential Funds."

As they were driving back to the house, Officer Seals "noticed [the Defendant] driving from - - or riding a bicycle from the first house on the left, which I've known it's what we call a crack house" to another house. They saw the Defendant go to the back of the other house and motion for Ms. Hicks to follow him. At the back of the house, Ms. Hicks and the Defendant smoked crack cocaine, and the Defendant gave Ms. Hicks .2 grams of cocaine.

The audio recording of these actions and the testimony of the State witnesses constitute sufficient evidence that the Defendant committed the act for which he was convicted and that he possessed the requisite knowing mental state at the time of his offense. Accordingly, we conclude that the evidence was sufficient to support his conviction.

## II.  Inconsistent Verdicts

The Defendant contends that the jury verdicts are inconsistent because he was "indicted and tried on two (2) counts that involve the same set of circumstances, and occurred at the same time." The Defendant also contends that the charges should merge by operation of law and that the conviction of the lesser included offense of simple possession should operate as an acquittal of the delivery of less than .5 grams of a Schedule II controlled substance. The State responds that "consistency is unnecessary on the individual indictments" and that the court "may not upset seemingly inconsistent verdicts by speculating as to the jury's reasoning so long as the evidence establishes the [D]efendant's guilt."

We agree with the State. "An acquittal on one count cannot be considered res judicata to another count even though both counts stem from the same criminal transaction. This [c]ourt will not upset a seemingly inconsistent verdict by speculating as to the jury's reasoning if we are satisfied that the evidence establishes guilt of the offense upon which the conviction was returned." Wiggins v. State, 498 S.W.2d 92, 94 (Tenn. 1973). Having concluded that the evidence was sufficient for his conviction of delivery of a Schedule II controlled substance, we decline to discuss this issue further.

## III.  Merger

The Defendant contends that his convictions for simple possession and delivery of a controlled substance should have merged. The State responds that the trial court did merge these convictions.

-5-

We agree with the State and recognize that the trial court did merge these convictions. The Defendant was acquitted of sale of a Schedule II controlled substance and convicted of the lesser-included offense of simple possession or casual exchange of a Schedule II controlled substance and delivery of a Schedule II controlled substance. Following the jury verdict, the trial court stated, "I'm just going to consider this all to have merged into the delivery count." Moreover, the judgments entered in the Defendant's case reflect that he was acquitted of the sale charge and convicted of the delivery charge and sentenced to fifteen years for the delivery charge and that charge alone. Accordingly, we conclude that the trial court merged these convictions and that the merger was appropriate given the fact that there was only one transaction. However, the judgments do not reflect that the Defendant was convicted of the lesser-included offense of casual exchange or that the convictions were merged. Upon remand, we direct the trial court to modify the judgment to accurately reflect the verdict regarding the acquittal of the sale charge, conviction of the lesser-included offense of casual exchange, and merger of the casual exchange and delivery verdicts.

## CONCLUSION

Because the motion for new trial was untimely in this case, we conclude that the Defendant's issues on appeal regarding the sleeping jurors and his alleged intoxication have been waived. Following our review of the Defendant's remaining issues, we affirm the Defendant's convictions. However, because the judgments do not reflect the jury's verdict regarding the sale charge or the trial court's merger of the Defendant's convictions, we remand the case to the trial court for the entry of corrected judgments, as previously detailed in this opinion.

_____
D. KELLY THOMAS, JR., JUDGE

-6-