# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 4, 2013

## STATE OF TENNESSEE v. RONNIE PAUL TRUSTY

**Appeal from the Circuit Court for Tipton County**
**No. 7210      Joseph H. Walker III, Judge**

**No. W2012-02445-CCA-R3-CD - Filed July 11, 2013**

The defendant, Ronnie Paul Trusty, appeals his Tipton County Circuit Court jury conviction of possession of a firearm during the commission of a dangerous felony, challenging the sufficiency of the evidence to support his conviction. We affirm the conviction and sentence. In addition, we remand for correction of clerical errors in the judgments.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

David S. Stockton, Assistant Public Defender, for the appellant, Ronnie Paul Trusty.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Jason Poyner and James Walter Freeland, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

In November, 2011, the Tipton County grand jury charged the defendant with one count of possession with intent to deliver one-half ounce or more of marijuana, one count of possession of a firearm with the intent to go armed during the commission of a dangerous felony, and one count of unlawful possession of a firearm by a convicted felon. The defendant pleaded guilty to possession of marijuana with intent to deliver but chose to go to trial on the remaining charges.

The trial court conducted a jury trial on August 16, 2012. Covington Police Department Officer Billy Norris testified that, during the second week of July 2011, he

learned from a confidential informant ("CI") that the defendant was selling marijuana out of his residence. Officer Norris obtained a search warrant for the defendant's house, and he and three other officers executed the search warrant on July 14, 2011. The defendant was not at home when the officers arrived. Officer Norris had learned from the CI that the drugs were located in a large cabinet in a bedroom. Officer Norris proceeded directly to that bedroom and located the cabinet, which was locked. He pried open the cabinet and immediately saw a bag of marijuana on the second shelf and a holstered gun on the top shelf. Officer Norris identified the gun as a .38 caliber handgun and testified that it was loaded with two hollow point bullets. During a break in the trial proceedings, Officer Norris tested the weapon and found it to be operable.

In addition to the bag of marijuana, Officer Norris found sandwich baggies and a set of electronic scales on the second shelf of the cabinet. Officer Norris also found a note on the inside of the cabinet door which listed two sets of numbers; Officer Norris believed those numbers to be the different weights and prices for the defendant's marijuana sales. Photographs that Officer Norris took of the interior of the cabinet, showing the position of the gun, the drugs and drug paraphernalia, and the note on the door, were introduced as exhibits at trial. When the defendant arrived at his house on July 14, officers took his set of keys and discovered that one of those keys fit the cabinet lock. Before leaving the defendant's house with the gun, the drugs, and the drug paraphernalia, Officer Norris read the defendant a list of the property he was seizing, and the defendant stated that all of the property belonged to him. The defendant then signed the property sheet, indicating his ownership of the property.

Special Agent Brock Sain with the Tennessee Bureau of Investigation testified that he analyzed the controlled substance recovered from the defendant's house and determined it to be 54.78 grams of marijuana, which is over one-half ounce.

Assistant Police Chief Allen Wilson testified that he is the seizure officer for the Covington Police Department. His duties include negotiating with those who have had their property seized on how to have that property returned to them. Sometime after July 14, the defendant approached Assistant Chief Wilson and "asked about the weapons[1] and how to get his property back." Assistant Chief Wilson explained that the defendant would need a judge's signature before he could release the weapons to him, and the defendant then left the police station.

The State read into evidence the defendant's testimony from a January 13, 2012 probation revocation hearing on an unrelated matter. At that hearing, the defendant admitted

---

[1]Officers also recovered a .22 caliber rifle from the defendant's closet.

that the marijuana seized from his residence was his and claimed that he was selling it to pay his bills. He denied ownership of the seized weapons, claiming that both firearms belonged to his son, who had been staying at the defendant's house while the defendant spent five weeks in the hospital. The defendant admitted that he had been home from the hospital for approximately two weeks when the officers searched his home.

With this evidence, the State rested its case. Following a *Momon* colloquy, the defendant elected not to testify. *See Momon v. State*, 18 S.W.3d 152, 161-62 (Tenn. 1999).

Based on this evidence, the jury convicted the defendant of possession of a firearm with the intent to go armed during the commission of a dangerous felony. The trial court then asked the jury to retire, at which time the defendant chose to enter a plea of no contest to the charge of unlawful possession of a firearm by a convicted felon. For reasons that are not entirely clear from the record, the court did not submit to the jury the issue whether the possession of a firearm in the commission of a dangerous offense conviction would be punishable pursuant to Code section 39-17-1324(g)(1), mandating a three-year sentence, or section 39-17-1324(g)(2), mandating a five-year sentence when the defendant has a prior felony conviction. Following a sentencing hearing on September 11, the trial court imposed, on that same date, a one-year sentence for the possession of marijuana conviction and ordered that it be served consecutively to the five-year sentence imposed for the conviction of possession of a firearm with the intent to go armed during the commission of a dangerous felony. The trial court also imposed a one-year sentence for the conviction of unlawful possession of a firearm by a convicted felon, which conviction the trial court merged with the other firearm offense, for an effective sentence of six years.

On November 1, 2012, the defendant filed a "Motion to Allow Late Filed Motion for New Trial" and a "Motion for New Trial or in the Alternative For Directed Verdict." The trial court denied both motions, finding them to be untimely, but nonetheless made findings that the evidence adduced at trial was sufficient to support the jury's verdict and that the verdict was not contrary to the law and evidence. On November 14, the defendant filed his notice of appeal.

A motion for new trial must be made in writing or reduced to writing within 30 days of the "date the order of sentence is entered." Tenn. R. Crim. P. 33(b). We stress that this provision is mandatory, and the time for the filing cannot be extended. Tenn. R. Crim. P. 45(b); *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997). In consequence, a trial court has no jurisdiction to hear or determine the merits of an untimely motion for new trial. *Martin*, 940 S.W.2d at 569 (citing *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989); *State v. Givhan*, 616 S.W.2d 612, 613 (Tenn. Crim. App. 1981); *Massey v. State*, 592 S.W.2d 333, 334-35 (Tenn. Crim. App. 1979). A motion for new trial which is not timely

filed is a nullity, *see State v. Blunkall*, 731 S.W.2d 72, 72 (Tenn. Crim. App. 1987) (citing *State v. Lane*, 689 S.W.2d 202 (Tenn. Crim. App. 1984); *State v. Williams*, 675 S.W.2d 499 (Tenn. Crim. App. 1984)), as is the erroneous consideration of a motion for new trial not timely filed, *Martin*, 940 S.W.2d at 569. Furthermore, the appellate court is precluded from considering any issue raised in an untimely motion for new trial for which the remedy is a new trial. Tenn. R. App. P. 3(e). We note, however, that our adjudication of the defendant's issue, sufficiency of the evidence, is not dependent upon a motion for new trial being filed. *See* Tenn. R. App. P. 3(e).

In the instant case, the trial court's September 11, 2012 judgment marked the start of the 30-day time period for the filing of the defendant's notice of appeal, *see* Tenn. R. App. P. 4(a), and the notice of appeal filed on November 14 was untimely. That being said, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* We conclude that the untimely filing of the notice of appeal should be waived in this case. In this appeal, the defendant challenges the sufficiency of the evidence, claiming that the proof failed to establish that he possessed the firearm at issue or that he had the requisite intent to go armed.[2]

We review the defendant's claim of insufficient evidence mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

"It is an offense to possess a firearm with the intent to go armed during the

---

[2]Although Code section 39-17-1324 has engendered some issues of indictment validity, we believe count two – the section 1324 count in the present case – imparted adequate notice to the defendant. *See State v. Chad Medford*, No. E2012-00335-CCA-R3-CD (Tenn. Crim. App., Knoxville, June 5, 2013).

-4-

commission of . . . a dangerous felony." T.C.A. § 39-17-1324(a) (2010). A dangerous felony includes "[a] felony involving the . . . possession with intent to . . . distribute a controlled substance defined in part 4 of this chapter . . . ." T.C.A. § 39-17-1324(i)(1)(L). Marijuana is classified as a Schedule VI controlled substance. *See* T.C.A. § 39-17-415(a)(1).

In his challenge to the sufficiency of the evidence, the defendant posits that the State failed to prove that he possessed the firearm because his revocation hearing testimony established that the weapon belonged to his son. Tennessee courts recognize that "'possession' may be either actual or constructive." *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *see also State v. Bigsby*, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). A person constructively possesses an item when he or she has "the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others." *Shaw*, 37 S.W.3d at 903 (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). Said differently, constructive possession is the "ability to reduce an object to actual possession." *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).

The proof in this case showed that the handgun was found in a locked cabinet located in the defendant's house. The defendant had the key to that cabinet, and he had been home from the hospital and residing in his house for approximately two weeks prior to the July 14 search of his residence. Following the seizure, the defendant signed the property sheet, indicating that the handgun belonged to him, and he went to the police station to inquire about the seized weapons and the process for having them returned to him. We believe this ample evidence established the defendant's constructive possession of the handgun.

The defendant also contends that the evidence was insufficient to prove an intent to go armed. We disagree. The fact that the firearm was holstered, loaded, and within the immediate proximity of the contraband established the defendant's intent to go armed and demonstrated a nexus between the firearm and the drugs. *See State v. Yarbro*, 618 S.W.2d 521, 524-25 (Tenn. Crim. App. 1981); *State v. Victor Armando Martinez*, No. M2010-01820-CCA-R3-CD, slip op. at 12 (Tenn. Crim. App., Nashville, filed Dec. 3, 2012).

In our view, sufficient evidence exists to support the defendant's conviction of possession of a firearm with intent to go armed during the commission of a dangerous felony.

Having concluded that the evidence supports a conviction pursuant to Code section 39-17-1324, we nevertheless are not finished with this labyrinthine statute. Although not raised by the defendant, we discern an issue concerning the propriety of the five-year sentence.

Subsection (g) of section 1324 addresses sentencing:

> (g)(1) A violation of subsection (a) is a Class D felony, punishable by a mandatory minimum three-year sentence to the department of correction.

> (2) A violation of subsection (a) is a Class D felony, punishable by a mandatory minimum five-year sentence to the department of correction, if the defendant, at the time of the offense, had a prior felony conviction.

T.C.A. § 39-17-1324(g). In the present case, the defendant was sentenced in Range I, which spans from a minimum of two years to a maximum of four years for a Class D felony. *See id.* § 40-35-111(a)(4).

While the jury was deliberating the defendant's guilt or innocence on count two, the possession of a firearm during the commission of a dangerous felony, the parties and the trial judge discussed on the record the submission of count three, possession of a firearm by a convicted felon. The parties indicated that a plea agreement was in the offing on count three. After the jury returned its verdict of guilty on count two, the trial court removed the jury and indicated the need to "have the jury make a determination as to whether or not the defendant is guilty of having a prior felony conviction [on count two], and also, if he's not entering a plea to [count three], to have the jury make a factual determination on that also." The parties then announced – and the defendant submitted – a plea of "no contest" to count three. Then the following discourse occurred:

| | |
|---|---|
| Trial court: | The other issue is whether the State wants to present the supplemental instruction to the jury with regard to a prior conviction. |
| Prosecutor: | It's not a prior dangerous felony, Your Honor. It wouldn't count.[3] So, no. |
| | . . . . |
| Trial court: | Let me hand out my statute. Maybe I've got an old copy. G(2). |

---

[3]The prosecutor was mistaken in this comment. Pursuant to section 39-14-13234(b)(2), the sentence is enhanced to a minimum of five years when the offender had merely "a prior felony conviction."

If the State is not asking the jury make a determination, I won't submit it to them.

Prosecutor: Your Honor, the State's position is that the nolo contendere plea in Count 3 . . . is the consideration by the jury, or by the defendant. . . . [H]e is pleading guilty by a plea or nolo contendere to have a prior felony conviction. So I think that that in conjunction with the prior jury finding would be all that's required.

Trial court: All right.

Prosecutor: That is, it would then be a sentencing issue.

Trial court: All right, sir. If you're not asking I submit it.

Call the jury back in, please.

[The court explains to the jury the disposition of count three.]

So with that, that concludes your service in this trial.

The defendant remained silent during this exchange. The court set the case for a sentencing hearing after which, according to the judgment, it imposed a sentence of five years for the violation of Code section 39-17-1324. No sentencing hearing transcript was included in the appellate record.

We know that the five-year sentence could not have been imposed pursuant to section 39-17-1324(g)(1) because, as stated above, the designated range for the defendant and for the offense was two to four years. Therefore, we conclude that the trial court imposed a sentence pursuant to subsection (g)(2). (Essentially, the minimum five-year sentence mandated by subsection (g)(2) was the only sentence that could be imposed under that subsection in the case of a Range I offender.) Having so concluded, the trial court, at some point in time, necessarily determined that subsection (g)(2) was the proper sentencing category.

The concern about this determination is that the increased sentence expressed

in subsection (g)(2) is only available *after a jury finding* of the qualifying prior felony conviction. *See* T.C.A. § 39-17-1324(f) ("If the trier of fact finds in the affirmative [that the defendant possessed the firearm], proof of a qualifying prior felony conviction pursuant to this section shall then be presented to the trier of fact."); *see also id.* § 39-17-1324(d) ("A violation of subsection (a) or (b) is a specific and separate offense, which shall be pled in a separate count of the indictment or presentment and tried before the same jury and at the same time as the dangerous felony. The jury shall determine the innocence or guilt of the defendant unless the defendant and the state waive the jury."). The trial court did not submit the prior felony issue to the jury. The record before us evinces no waiver of the jury determination that the defendant had been convicted of a prior felony. Moreover, the defendant entered a plea of no contest to count three, unlawful possession of a firearm by a felon. Even though the count three plea to possession of a firearm by a felon suggests a conviction of a prior felony, the defendant's no contest plea does not equate to an express admission of that element of the count three offense, *see State v. Crowe*, 168 S.W.3d 731, 747 (Tenn. 2005); accordingly, the plea in count three cannot serve by itself as a stipulation of his conviction of the prior felony, as the prosecutor, at one point, had theorized.

So, we have now concluded that the trial court and not the jury as the trier of fact necessarily determined that the defendant had a prior felony conviction that qualified him for sentencing pursuant to subsection (g)(2) and that this determination was error. The next question we address is whether the issue, not raised by the parties, may be noticed as plain error. *See* Tenn. R. App. P. 36(b) ("When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal."). The hurdle in noticing the error as plain is the requirement that "the record must clearly establish what occurred in the trial court." *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000) (enumerating elements of plain error rule) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). If we could clearly see via the trial transcript that the trial court made the erroneous determination in the absence of a waiver by the parties, *see* T.C.A. § 39-17-1324(d) (permitting parties to waive jury determination), we believe we would have been authorized by Rule 36(b) to notice the error and remand the cause to the trial court for resentencing.[4] However, we cannot discern that the parties and the trial court were contemplating the same function for the jury determination or the defendant's plea of nolo contendere in count three. At one point, the State apparently did not believe it could invoke subsection (g)(2). On the other hand, the State later espoused a theory that the plea in count three provided the factual predicate for (g)(2) sentencing in count two. The defendant made no objection to either theory and did not object to the

---

[4]Sentencing pursuant to Tennessee Code Annotated section 39-17-1324(g)(1) availed the trial court the option of imposing the minimum sentence of three years or the Range I maximum sentence of four years.

dismissal of the jury without the invocation of subsection (g)(2) having truly been decided.

Therefore, because the record before us does not "clearly establish what occurred in the trial court," we are constrained to ignore the possible error. We have nevertheless embarked upon the plain error inquiry because the difficulties in applying Code section 39-17-1324 are manifold, the requirement that the trier of fact pass on the subsection (g)(2) issue being just the one arising in this case.

Furthermore, we detect clerical errors that require correction on the judgment in count two, possession of a firearm during the commission of a dangerous felony. First, the judgment indicates that the sentence is to be served consecutively to both counts one, marijuana possession, and three, unlawful possession of a firearm by a convicted felon. The trial court should not have ordered the sentence in count two to be served consecutively to that imposed in count three because the trial court ordered those offenses merged. This leads to the second clerical error, failure to indicate on the face of the judgment that count three merges with count two. Although merger of the two counts is indicated on the face of the count three judgment, the judgment in count three should not reflect a sentence, only a verdict of guilty. The judgment in count two should reflect no sentence alignment with count three.

We affirm the judgments of the trial court but remand for correction of the judgments in counts two and three to remove the reference to consecutive sentencing with count three, to reflect the merger of count three with count two, and to remove the imposition of a sentence in count three.

_____
JAMES CURWOOD WITT, JR., JUDGE

-9-